IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CAROLYN ANN BISCAMP | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. 9:15cv18 |
| | § | |
| V | § | JUDGE SCHNEIDER |
| | § | |
| WAL-MART STORES, INC. | § | JURY DEMANDED |
| | § | |
| Defendant | § | |

## PLAINTIFF'S AMENDED COMPLAINT

Comes now Plaintiff Carolyn Ann Biscamp who for her original complaint states as follows:

### I

### Preliminary Statement

1. Plaintiff Carolyn Ann Biscamp who was denied reasonable accommodation (resulting in her discharge or constructive discharge) and otherwise discriminated against because she suffers from blindness, commences this action pursuant to the *Americans with Disabilities Act*, 42 U.S.C. § 12101, *et seq.*, commonly referred to as the ADA, which in relevant part prohibits discrimination based on disability or perceived disability.

2. Plaintiff Biscamp seeks back-pay, reinstatement or front pay, restoration of lost benefits, compensatory damages, punitive damages and statutory attorney fees as authorized by 42 U.S.C. § 12117 which provides in relevant part that ADA victims shall have the same remedies available to Title VII victims.

3. Specifically, Defendant WAL-MART Stores, Inc. intentionally discriminated against Plaintiff Biscamp because of her serious medical condition which required reasonable accommodation, such

as being allowed to do the job that she was originally hired for, instead firing her then putting her on an indefinite leave of absence which, in effect, bars her from returning to work.

## II

## Jurisdiction

4. Jurisdiction over Plaintiff Biscamp's ADA claim is conferred on this Court by 42 U.S.C. § 12117(a) which makes the federal court jurisdiction provided by 42 U.S.C. § 2000e-5(f)(3) applicable to ADA cases.

5. This Court also has federal question jurisdiction over Plaintiff Biscamp's claim pursuant to 28 U.S.C. § 1331.

## III

## Parties

6. Plaintiff Carolyn Ann Biscamp is a citizen of the United States and has been a resident of Houston County, Texas at all times relevant hereto.

7. Defendant WAL-MART Stores, Inc. is a corporation with over 500 employees doing business in the State of Texas. Defendant WAL-MART Stores, Inc. may be served through its registered agent for process, CT Corporation System, 1999 Bryan St., Dallas, Tx 75201.

## IV

## Procedural History

8. Plaintiff Biscamp timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission – Civil Rights Division. Plaintiff Biscamp received her right to sue letter from the Equal Employment Opportunity Commission after its issuance on November 7, 2014 and has satisfied all other procedural prerequisites for filing suit.

# V

# Facts

## Background

9. Defendant WAL-MART Stores, Inc. is and was at all times relevant hereto an "employer" as that term is defined under the ADA. *See* 42 U.S.C. § 12111(5)(A).

10. Defendants WAL-MART Stores, Inc. engaged in industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks during the current and preceding calendar years.

## What Happened

11. Plaintiff Biscamp is a 67 year old woman who has suffered from blindness from retinitis pigmentosis since approximately 2003..

12. Plaintiff Biscamp was hired by Respondent as a Sales Associate in approximately August, 2000. In 2003, after being diagnosed as blind, Plaintiff Biscamp was assigned to work in the candy area. Plaintiff Biscamp worked in that area throughout the remainder of her employment; she was familiar with the location of items in that area; and she performed her job well.

13. Upon the arrival of Store Manager Debbie Warden, Defendant WAL-MART Stores, Inc. began efforts to get rid of Plaintiff Biscamp. Store Manager Warden reduced Plaintiff Biscamp's hours for no reason. Plaintiff Biscamp was thereafter given bogus bad evaluations and placed on a six month probation. Plaintiff Biscamp was then terminated on or about January 30, 2014.

14. On or about February 10, 2014, Plaintiff Biscamp was technically reinstated. Plaintiff Biscamp made it clear that she required accommodation; specifically, Plaintiff Biscamp wished to be placed back in the candy area where she could perform her work despite her blindness.

15.     Despite the fact that Plaintiff Biscamp had given previous requests and medical documentation to her managers, she was informed that there was no information in her file regarding disability and accommodation requests.

16.     Plaintiff Biscamp proceeded to provide medical documentation in support of her request for reasonable accommodation.

17.     On or about February 17, 2014, Store Manager Warden made it clear that Plaintiff Biscamp's requests would be denied.

18.     By April 21, 2014 letter, Defendant Walmart denied Plaintiff's specific request to "stay in candy area where [she] was familiar." Walmart additionally denied Plaintiff Biscamp's request for a set schedule.

19.     Instead, Defendant Walmart offered Plaintiff Biscamp the opportunity to utilize available leave for which she was eligible as an alternative accommodation. However, additional leave does not benefit Plaintiff Biscamp as her blindness is not going to improve. Instead, such additional leave serves only to deny Plaintiff Biscamp any opportunity to return to work at Defendant Walmart.

20.     Defendant Walmart has not allowed Plaintiff Biscamp to return to work to this day. While her initial termination was rescinded, Plaintiff Biscamp was for all practical purposes discharged or constructively discharged, as she has simply not been allowed to return to work. In fact, Plaintiff Biscamp is followed and harassed when she even attempts to <u>shop</u> at the Crockett Walmart store.

21.     Plaintiff Biscamp was able to do her job with the reasonable accommodations that she had been provided while performing her job for years.

22..    As of 2014, Defendant WAL-MART Stores, Inc. refused to make this accommodation and left Plaintiff Biscamp on leave without pay, resulting in her discharge or constructive discharge. In short, Defendant WAL-MART Stores, Inc. would not allow Plaintiff Biscamp to return to work.

23.    Plaintiff Biscamp suffers from a disability in that she is blind and has a severely diminished ability to see. Alternatively, Defendant perceived Plaintiff Biscamp as suffering from a disability.

24.    Defendant made no attempt to <u>reasonably</u> accommodate Plaintiff Biscamp's disabilities or perceived disabilities or work with her in any way.

25.    Plaintiff Biscamp was always able to do the essential functions of her job, and she remains able to do the essential functions of her job today.

26.    Plaintiff Biscamp has not been allowed to return to work (or has, in effect, been discharged or constructively discharged) because of her disability. Alternatively, Plaintiff Biscamp has not been allowed to return to work because Defendant perceived her as being disabled.

27.    All of the employment discrimination set out above was and is knowing and intentional.

28.    Defendant's acts and omissions as set out above are a proximate cause of Plaintiff Biscamp's damages including lost wages, lost benefits, mental pain and anguish, emotional distress, humiliation and embarrassment. All of the foregoing damages and losses are continuing in nature.

29.    All of defendant's acts and omissions as set out above were willful, wanton, reckless, intentional and malicious rendering appropriate the award of punitive damages.

## VI

## Cause of Action

30.    Defendant's acts and omissions as set out above amount to intentional violations of the ADA. Therefore, Plaintiff Biscamp is entitled to equitable relief (including back pay and front pay

with benefits), compensatory damages, punitive damages, and a reasonable attorney fee as authorized by the ADA.

## VII

## Jury Demand

31. Plaintiff Biscamp demands a trial by jury on all issues so triable.

## VIII

## Prayer for Relief

32. WHEREFORE PLAINTIFF PRAYS THAT THIS HONORABLE COURT:

   a. Enter declaratory judgment against Defendants WAL-MART Stores, Inc. and in favor of Plaintiff Biscamp recognizing that Defendant violated Plaintiff Biscamp's rights guaranteed by the *ADA*;

   b. Enter judgment against Defendant and in favor of Plaintiff Biscamp for full compensatory damages;

   c. Enter judgment against Defendant and in favor of Plaintiff Biscamp for equitable relief, including back pay, reinstatement, and/or front pay, including fringe benefits;

   d. Enter judgment against Defendant WAL-MART Stores, Inc. for an amount of punitive damages sufficient to punish and deter it and to discourage such conduct toward Plaintiff Biscamp and/or others;

   e. Grant Plaintiff Biscamp a trial by jury; and

   f. Grant Plaintiff Biscamp any and all additional relief to which she appears to be entitled, including a reasonable attorney fee, costs herein expended, pre-judgment interest, and post-judgment interest as provided by law.

Respectfully submitted,

*/s/ Alex A. Castetter*
Alex A. Castetter
Attorney for Plaintiff Biscamp
Bar Card No. 00783808

Stuckey, Garrigan & Castetter Law Offices
2803 North St. / P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 / Fax: 560-9578
Alex@sgclaw.org